UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL THOMAS HAYES #34295,<br><br>    Petitioner,<br><br>v.<br><br>CHAD PAGE,<br><br>    Respondent. | Case No. 1:16-cv-00386-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

    Petitioner Michael Thomas Hayes, a prisoner in custody of the Idaho Department of Correction (IDOC), filed a Petition for Writ of Habeas Corpus challenging his state court conviction for a third DUI conviction that was elevated to a felony because of two prior DUI convictions. (Dkt. 3.) In particular, he contests the fact that, at the time he was convicted of his first two DUIs, state law provided that three DUIs within *five* years amounted to a felony for the third DUI, but after that date, the law changed to be three DUIs within *ten* years, and, therefore, Petitioner's third DUI made him eligible for felony DUI and a longer sentence. (See Dkt. 13-1.)

**MEMORANDUM DECISION AND ORDER - 1**

In response to the Petition, Respondent Warden Chad Page filed a Motion for Partial Summary Dismissal that is now ripe for adjudication. (Dkts. 10, 13, 18.) Petitioner filed a Response to the Motion and several of his own motions. (Dkts. 14, 15, 16, 17.)

Having reviewed the record, the Court concludes that oral argument is unnecessary. Accordingly, the Court enters the following Order addressing the pending motions.

## PRELIMINARY MOTIONS

1. **Motion for Appointment of Counsel (Dkt. 14)**

There is no constitutional right to counsel in a habeas corpus action. *Coleman v. Thompson,* 501 U.S. 722, 755 (1991). A habeas petitioner has a right to counsel, as provided by rule, if counsel is necessary for effective discovery or if an evidentiary hearing is required in his case. *See* Rules 6(a) & 8(c) of the Rules Governing Section 2254 Cases. In addition, the Court may exercise its discretion to appoint counsel for an indigent petitioner in any case where required by the interests of justice. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B). Whether counsel should be appointed turns on a petitioner's ability to articulate his claims in light of the complexity of the legal issues and his likelihood of success on the merits. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Petitioner asserts that it would be equitable to appoint counsel for him because he has litigated two-thirds of his case pro se, that he has only recently obtained his GED, and

that he has no legal expertise and few legal resources at the prison to pursue his case. He asserts:

> I am innocent of the felony DUI that I am incarcerated for. If it was not for the breach of contracts, or plea agreements, I would have only been convicted of and incarcerated for a misdemeanor DUI and I would no longer be confined in the state prison where I remain confined.

(Dkt. 14, p. 4.)

The Court will deny the request for appointment of counsel for the following reasons. The issues before the Court are not legally complex, and Petitioner asserts that he has obtained a paralegal's help in researching the issues presented to the Court. The standard for granting a habeas corpus petition is extraordinarily high, and a preliminary review of the claims does not convince the Court that appointing counsel would make any difference in aiding Petitioner's arguments or the Court's decisionmaking in this action. The Court will reconsider its decision after it has reviewed the briefing on the merits of the claims that proceed to the next phase of litigation, without the need for Petitioner to file a separate motion.

2. **Motion to Strike State's Lodging of Record (Dkt. 15), Request for Production of Clerk Record (Dkt. 16), and Motion to Lodge Request for Production of Clerk Record (Dkt. 17)**

Petitioner asks that a portion of the state court record be stricken because he does not have access to copies of it. Respondent states that he has complied with the Court's Order and the Rules Governing § 2254 Cases by lodging all relevant portions of the state

**MEMORANDUM DECISION AND ORDER - 3**

court record. Petitioner followed up his request by alternatively requesting that he be provided with a copy of the Clerk's record. Respondent has given notice to the Court that he provided a copy of the state court record to Petitioner on April 10, 2017. (Dkt. 21.) Thus, Petitioner's Motion to Strike will be denied, and his Motion to Produce will be deemed moot. Petitioner's Motion to Lodge Request (Dkt. 21) will be denied as unnecessary (the only items lodged in a habeas corpus action are historical records from a past closed state court case; motions and requests are filed, rather than lodged, because they are requests that the Court take action in *this* case).

## MOTION FOR PARTIAL SUMMARY DISMISSAL

1. **Standard of Law governing Summary Dismissal**

When a petitioner's compliance with threshold procedural requirements is at issue, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989). Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." The Court takes judicial notice of the records from Petitioner's state court proceedings, lodged by the parties.

2. **Background**

Petitioner pleaded guilty to and was convicted of felony DUI—a charge which consists of three or more DUI convictions within ten years, under I.C. § 18-8004—in a

**MEMORANDUM DECISION AND ORDER - 4**

criminal action in the Fourth Judicial District Court in Ada County, Idaho. The judgment of conviction was entered on October 26, 2011. Petitioner received a sentence of 2 years fixed with 8 years indeterminate.

Petitioner did not file a direct appeal, but filed a post-conviction action. Petitioner was appointed counsel, and the state district court held an evidentiary hearing on the post-conviction petition. (State's Lodging B-2.) Thereafter, the court dismissed the post-conviction petition without affording Petitioner any relief. (State's Lodging B-1, pp. 114-122.)

Petitioner was appointed counsel on appeal, who withdrew from the case after three attorneys in counsel's office found no meritorious issues for appeal. (State's Lodgings C-1 to C-3.) Petitioner filed his own appellate briefing, and he had no success before the Idaho Court of Appeals or the Idaho Supreme Court. (State's Lodgings C-5 to D-8.)

Petitioner's Rule 35 motion to correct an illegal sentence regarding restitution was pending when he filed his Petition, but has since been resolved; regardless, because habeas corpus does not concern monetary issues, the Rule 35 claim regarding restitution is not relevant here. (See State's Lodging D-7.)

In the Initial Review Order, the Court construed the Petition as containing the following claims: (1) trial counsel was ineffective for (a) failing to seek "specific performance" for the state's breach of plea agreements made in Petitioner's prior

**MEMORANDUM DECISION AND ORDER - 5**

misdemeanor DUI convictions, and (b) failing to attempt to collaterally attack the prior misdemeanor DUI convictions which served as the predicate offenses for Hayes' felony DUI; (2) Idaho Code §§ 18-8005 and 18-8006 are facially unconstitutional; (3) (a) trial counsel was ineffective for coercing Petitioner's guilty plea and/or (b) Petitioner's guilty plea was invalid because it was involuntary; and (4) the state courts' "misapplication" of *State v. Lamb*, 206 P.3d 497 (Idaho App. 2009), violated Petitioner's constitutional rights. (Dkt. 3.)

In the Motion for Partial Summary Dismissal, Respondent asserts that Claims (2), (3)(b), and (4) are procedurally defaulted, and, alternatively, that Claim (4) is noncognizable in a federal habeas corpus action. Respondent also clarifies, appropriately, that regardless of how Petitioner's claims are construed, the only constructions that are properly exhausted are those that match the claims Petitioner properly presented to the Idaho Supreme Court in his post-conviction appeal, as no direct appeal was filed in his action.

3. **Standard of Law governing Procedural Prerequisites to Habeas Relief**

Habeas corpus law requires that a petitioner "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim, a habeas petitioner must fairly present it as a federal claim to the highest state court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Unless a petitioner has exhausted his state court remedies relative

to a particular claim, a federal district court cannot grant relief on that claim, although it does have the discretion to deny the claim. 28 U.S.C. § 2254(b)(2).

State remedies are considered technically exhausted, but not *properly* exhausted, if a petitioner failed to pursue a federal claim in state court and there are no remedies now available. *O'Sullivan*, 526 U.S. at 848. A claim may also be considered exhausted, though not properly exhausted, if a petitioner pursued a federal claim in state court, but the state court rejected the claim on an independent and adequate state law procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991).

Under these circumstances, the claim is considered "procedurally defaulted." *Coleman,* 501 U.S. at 731. A procedurally defaulted claim will not be heard in federal court unless the petitioner shows either that there was legitimate cause for the default and that prejudice resulted from the default, or, alternatively, that the petitioner is actually innocent and a miscarriage of justice would occur if the federal claim is not heard. *Id.*

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

An attorney's errors that rise to the level of a violation of the Sixth Amendment right to effective assistance of counsel may, under certain circumstances, serve as a cause to excuse the procedural default of other claims. *Murray v. Carrier*, 477 U.S. at 488. However, an allegation of ineffective assistance of counsel will serve as cause to excuse the default of other claims *only* if the ineffective assistance of counsel claim itself is not procedurally defaulted or, if defaulted, Petitioner can show cause and prejudice for the default. *Edwards v. Carpenter*, 529 U.S. 446, 454 (2000). In other words, before a federal court can consider ineffective assistance of counsel as cause to excuse the default of underlying habeas claims, a petitioner generally must have presented the ineffective assistance of counsel claim in a procedurally proper manner to the state courts, such as in a post-conviction relief petition, including through the level of the Idaho Supreme Court.

As to a related but different topic–errors of counsel made on post-conviction review that cause the default of other claims–the general rule on procedural default is that any errors of a defense attorney during a post-conviction action *cannot* serve as a basis for cause to excuse a petitioner's procedural default of his claims. *See Coleman v. Thompson*, 501 U.S. at 752. This rule arises from the principle that a petitioner does not have a federal constitutional right to effective assistance of counsel during state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993).

**MEMORANDUM DECISION AND ORDER - 8**

*Martinez v. Ryan*, 566 U.S. 1 (2012), established a limited exception to this general rule. That case held that inadequate assistance of post-conviction review (PCR) counsel or lack of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 9. To show ineffective assistance of PCR counsel, Petitioner must show that the defaulted ineffective assistance of trial counsel claims are "substantial," meaning that the claims have "some merit." *Id.* at 14. To show that each claim is substantial, Petitioner must show that trial counsel performed deficiently, resulting in prejudice, defined as a reasonable probability of a different outcome at trial. *Id.*; *see Strickland*, 466 U.S. at 695-96.

If a petitioner cannot show cause and prejudice for a procedurally defaulted claim, he can still raise the claim if he demonstrates that the court's failure to consider it will result in a "fundamental miscarriage of justice." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). A miscarriage of justice means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Murray v. Carrier*, 477 U.S. at 496.

To show a miscarriage of justice, a petitioner must make a colorable showing of factual innocence. *Herrera v. Collins*, 506 U.S. 390, 404 (1993). Where the petitioner pleaded guilty and did not have the evidence in his case evaluated by a jury, he must show that, based on all of the evidence, "it is more likely than not that no reasonable juror

would have found Petitioner guilty. . . ." *Van Buskirk v. Baldwin*, 265 F.3d 1080, 1084 (9th Cir. 2001), *citing Schlup v. Delo*, 513 U.S. 298, 327 (1995). Types of evidence "which may establish factual innocence include credible declarations of guilt by another, *see Sawyer v. Whitley*, 505 U.S. 333, 340 (1992), trustworthy eyewitness accounts, *see Schlup*, 513 U.S. at 331, and exculpatory scientific evidence." *Pitts v. Norris*, 85 F.3d 348, 350-51 (8th Cir. 1996). The evidence supporting the actual innocence claim must be "newly presented" evidence of actual innocence, meaning that "it was not introduced to the jury at trial"; it need not be "newly discovered," meaning that it could have been available to the defendant during his trial, though it was not presented to the jury. *Griffin v. Johnson*, 350 F.3d 956, 962–63 (9th Cir. 2013).

4. **Discussion of Procedural Issues**

    A. *Claim (2)*

Claim (2) is that "the language of Idaho Code §§ 18-8004 and 18-8005 on its face violates the 14th Amendment of the U.S. Constitution in connection to 'plea agreements/bargains.'" (Dkt. 3, p. 15.) In addition, Petitioner argues that "this statute's intent does not coincide with the due process found in the statute[']s level of offense within the sentencing order." (*Id*.)

Respondent argues that the state appellate record reflects that, while Petitioner mentioned Idaho Code §§ 18-8005 and 18-8006 in his post-conviction appellate briefing, he did so in the context of presenting other claims; he did not specifically challenge the

facial constitutionality of these statutes. (State's Lodging C-5, pp. 8, 11-13 17, 27-28, 38.) Neither did the Idaho Court of Appeals address on its own the constitutionality of the statutes in its decision. (State's Lodging C-8.)

Having reviewed the state court record, the Court agrees with Respondent's characterization of the record. Petitioner seems to believe that, regardless of the way he argued his claims before the Idaho appellate courts, he should be permitted to now argue that the statutes are unconstitutional—simply because, he asserts, *application* of them in his case was improper. However, he is mixing up a facial challenge with an as-applied challenge. He presented only as-applied challenges in his state appellate proceeding, and did so only as state law claims. Therefore, a facial challenge to the state laws is procedurally defaulted for Petitioner's failure to afford the state appellate courts the first opportunity to address that claim.

To the extent that Petitioner mentioned the words "due process" in his appellate briefing, the Idaho Court of Appeals determined that a "due process" claim "either w[as] not raised below or do[es] not have any legal or factual basis and will not be addressed on appeal." (State's Lodging C-8, p. 2, n. 2.) Therefore, any federal "due process" claim is procedurally defaulted for failure to properly raise it or support it for the following reasons.

"To qualify as an adequate procedural ground, a state rule must be firmly established and regularly followed." *Walker v. Martin*, 562 U.S. 307, 316 (2011) (internal

**MEMORANDUM DECISION AND ORDER - 11**

quotation marks omitted). That is, the state procedural bar must be one that is "'clear, consistently applied, and well-established at the time of the petitioner's purported default.'" *Martinez v. Klauser*, 266 F.3d 1091, 1093-94 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)). A state procedural bar can be considered adequate even if it is a discretionary rule, even though "the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others." *Beard v. Kindler*, 558 U.S. 53, 61 (2009). A state rule's "use of an imprecise standard . . . is no justification for depriving a rule's language of any meaning." *Walker*, 562 U.S. at 318 (internal quotation marks and alteration omitted).

A state procedural bar is "independent" of federal law if it does not rest on, and if it is not interwoven with, federal grounds. *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003). A rule will not be deemed independent of federal law "if the state has made application of the procedural bar depend on an antecedent ruling on federal law such as the determination of whether federal constitutional error has been committed." *Id*. (internal quotation marks and alteration omitted); *see also Ake v. Oklahoma*, 470 U.S. 68, 75 (1985) (stating that "when resolution of the state procedural law question depends on a federal constitutional ruling, the state-law prong of the court's holding is not independent of federal law, and our jurisdiction is not precluded," and holding that a state waiver rule was not independent because, "[b]efore applying the waiver doctrine to a constitutional

question, the state court must rule, either explicitly or implicitly, on the merits of the constitutional question").

Idaho appellate courts generally will not consider arguments made for the first time on appeal. *See Row v. State*, 21 P.3d 895, 902 (Idaho 2001) ("The longstanding rule of this Court is that we will not consider issues that are raised for the first time on appeal."). Petitioner has not shown that this procedural rule was unclear, inconsistently applied, or not well-established at the time of the default. *See Klauser*, 266 F.3d at 1093-94. Neither has Petitioner shown that this rule has a federal basis.

The Idaho appellate courts generally will not consider claims or issues that are not supported by argument or authority. *See State v. Zichko*, 923 P.2d 966, 970 (Idaho 1996). The Ninth Circuit has held that *Zichko* established an adequate and independent state procedural rule. *Zichko v. Idaho*, 247 F.3d 1015, 1021 (9th Cir. 2001). Petitioner has presented no contrary case law showing that the appellate courts regularly contravene this well-settled rule.

Because Petitioner did not first present Claim 2 to the Idaho Supreme Court for adjudication in a procedurally proper manner, he cannot do so here, absent showing cause and prejudice or a miscarriage of justice to excuse the default of his claim.

**B.**     *Claim 3(b)*

On initial review, the Court liberally construed Claim (3) as containing two different claims: (a) that Petitioner's alleged involuntary plea arose from his counsel

coercing him to plead guilty "by dismissing arguments Petitioner desired to assert at trial and telling him he could get a persistent violator enhancement and life sentence if he did not take the State's plea bargain"; and (b) that Petitioner's guilty plea was invalid because it was involuntary, as a separate stand-alone claim resting on the same facts as 3(a). (State's Lodging C-8, p. 3.) The parties seem to agree in their briefing that the claim is one and the same. The record supports this conclusion. Therefore, the Court will not separately address a claim of involuntariness of the guilty plea, but will do so only in the context of ineffective assistance of counsel, which is a properly-exhausted claim that will proceed to the merits in the next phase of litigation.

### C. Claim 4

Claim 4 is that the state courts' "misapplication" of *State v. Lamb*, 206 P.3d 497 (Idaho App. 2009), violated Petitioner's constitutional rights. (Dkt. 3.) The Court agrees with Respondent that Petitioner made a state law claim based upon *Lamb* in his state post-conviction matter, but he did not argue that the failure to apply *Lamb* to his case violated his federal constitutional rights. (State's Lodging C-5.) In fact, Petitioner stated in his appellate brief, "Petitioner <u>does not argue</u> any <u>ex post facto</u> clause matters." (State's Lodging C-5, p. 18 (emphasis in original).) Instead, Petitioner argued that "the district court abused its discretion in failing to address or consider the contractual test elements or prongs in connection to the Recidivist Notice meeting the judicial standards of a contract before 'somehow' link it to part of the plea bargain as stated in *State v.*

*Lamb*." (*Id.*, p 19 (verbatim).) An "abuse of discretion" claim is a state law claim, while an ex post facto claim can be a federal claim.

The Idaho Court of Appeals did not discuss Petitioner's *Lamb* argument as a stand-alone constitutional claim—ex post facto or otherwise. (State's Lodging C-8.) The Idaho Court of Appeals rejected Petitioner's state law contract theory based upon the state statutes at issue. (*Id.*, pp. 506.)

Petitioner attempted to present, for the first time on appeal, cognizable federal claims in his state appellate briefing, but his attempt was rejected. His claim that the prosecutor's breach of the earlier DUI plea agreements is a cognizable federal habeas corpus claim,[1] but the Idaho Court of Appeals refused to hear such a claim because Petitioner did not raise it in the district court or provide any legal or factual support for it. (State's Lodging C-8, p. 2.) As noted above, this ground is an independent and adequate basis for procedural default in this matter.

In summary, the state appellate courts' rejection of Petitioner's state law *Lamb* argument on state law grounds does not transform his claim into a federal issue for habeas corpus review. State law arguments are not cognizable on federal habeas corpus review. Neither did his attempts to present federal issues for the first time on appeal

---

[1] A prosecutor's breach of a plea agreement is a cognizable federal habeas corpus claim. *Gunn v. Ignacio*, 263 F.3d 965, 971 (9th Cir. 2001). The federal habeas corpus remedy for such a claim is a remand to the state court for resentencing or such other relief as the state court deems appropriate. *Id*. Due process requires that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971).

**MEMORANDUM DECISION AND ORDER - 15**

constitute proper presentation. Petitioner may attempt to show cause and prejudice under *Martinez v. Ryan*, if he believes that post-conviction counsel in the initial phase of that action performed ineffectively by failing to raise the claims in state district court. (See the standard set forth above.)

Addressing Respondent's second argument concerning Claim 4, the Court agrees to the extent that Petitioner now presents his state law claims in his federal Petition for adjudication in this Court, they are not cognizable on habeas corpus review. Title 28 U.S.C. § 2254 provides relief only for violations of federal law or the federal Constitution.

5. **Cause and Prejudice**

Petitioner has not made a cause and prejudice argument to excuse the procedural default of his claims. He may do so in his reply to Respondent's answer, if desired.

6. **Miscarriage of Justice**

Petitioner's argument is not that he is factually innocent of the DUIs, but that he is legally innocent. Such an argument does not meet the actual innocence standard. *See Herrera v. Collins*, 506 U.S. at 404. Therefore, actual innocence does not provide a gateway for the Court to hear Petitioner's procedurally defaulted claims. Petitioner shall not include this argument in any further briefing.

# ORDER

**IT IS ORDERED:**

1. Petitioner's Motion for Appointment of Counsel (Dkt. 14) is DENIED without prejudice.

2. Petitioner's Motion to Strike State's Lodging of Record (Dkt. 15) is DENIED.

3. Petitioner's Request for Production of Clerk Record (Dkt. 16) is DENIED as MOOT.

4. Petitioner's Motion to Lodge Request for Production of Clerk Record (Dkt. 17) is DENIED as MOOT.

5. Respondent's Motion for Partial Summary Dismissal (Dkt. 10) is GRANTED. Claims 2 and 4 are subject to dismissal with prejudice unless Petitioner shows cause and prejudice to excuse the default of these claims.

6. Respondent shall file an Answer to the remaining claims within **90** days. Petitioner thereafter may file a reply (including any cause and prejudice arguments and any arguments arising from his late receipt of the full state court record in this matter) within **45** days**,** and Respondent may file a sur-reply within **21** days. No further filings shall be made without leave of Court.



DATED: August 28, 2017

_____
B. Lynn Winmill
Chief Judge
United States District Court

**MEMORANDUM DECISION AND ORDER - 18**