UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL THOMAS HAYES #34295, | Case No. 1:16-cv-00386-BLW |
| Petitioner, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| HENRY ATENCIO, | |
| Respondent. | |

While incarcerated, Petitioner Michael Thomas Hayes filed a Petition for Writ of

Habeas Corpus challenging his third state DUI conviction. His conviction would have

been a misdemeanor, but for previously having been convicted of two DUI within a ten-

year period, which elevated the third offense to a felony. (Dkt. 3.) Petitioner is now a

parolee under supervision of the Idaho Department of Correction (IDOC). Accordingly,

the Court has substituted IDOC Director Henry Atencio for Warden Chad Page as the

appropriate respondent.

Without objection from Petitioner, Respondent has construed the Petition as

containing the following claims: (1) Hayes' trial counsel was ineffective for (a) failing to

seek dismissal of the third DUI charge based on the fact that, when the prior two DUI

guilty pleas were entered, the law provided for enhancements for a third DUI charge if it occurred within five years, not within ten years—as Petitioner was charged with in 2011 (a "specific performance" argument); and (b) failing to collaterally attack the prior misdemeanor DUI convictions which served as the predicate offenses for Hayes' felony DUI; (2) Idaho Code §§ 18-8005 and 18-8006 are facially unconstitutional; (3) trial counsel was ineffective for coercing Hayes' guilty plea; and (4) the state courts' "misapplication" of *State v. Lamb*, 206 P.3d 497 (Idaho App. 2009) violated his constitutional rights. (*Id*.)

Earlier in this matter, the Court granted partial summary dismissal in favor of Respondent, dismissing Claims Two and Four on procedural default grounds, dismissing Claim Four on alternative grounds of failure to state a federal claim upon which relief can be granted, and permitting Claims One and Three to proceed to a merits adjudication. (Dkt. 22.) The Court permitted Petitioner to submit any cause and prejudice arguments or miscarriage of justice arguments and any arguments arising from his late receipt of the full state court record in this matter with his reply to the answer.

Respondent has filed his Answer, and Petitioner has filed his Reply. (Dkts. 24, 25.) Accordingly, the Petition is ready for disposition. Having reviewed the record, including the state court record, and having considered the arguments of the parties, the Court enters the following Order.

# BACKGROUND

In a criminal action in the Fourth Judicial District Court in Ada County, Idaho, Petitioner pleaded guilty to and was convicted of felony DUI ("2011 DUI"), a charge which consists of three or more DUI convictions within ten years, under I.C. § 18-8004. The judgment of conviction was entered on October 26, 2011. Petitioner had been convicted of two prior DUI convictions—in 2003, 2004—although the State labeled the charges "first offense DUIs." The third conviction is primarily at issue in this matter, because it was elevated to a felony conviction as a result of the two prior offenses. Petitioner's arguments to challenge the third conviction focus on how the two prior offenses were used as a basis for elevating the third offense from a misdemeanor to a felony. The supervised probation terms of the two prior plea agreements expired in 2005 and 2006, and thus both sentences were satisfied prior to the 2011 charge.

For the 2011 felony DUI conviction, Petitioner received a sentence of two years fixed with eight years indeterminate. He did not file a direct appeal, but pursued a state post-conviction action.[1]

Petitioner contests the fact that, at the time he was convicted of his first two DUIs, state law provided that three DUIs within *five* years amounted to a felony for the third DUI, but, after that date, the law changed to be three DUIs within *ten* years, and,

---

[1] Petitioner also filed a Rule 35 motion to correct an illegal sentence regarding restitution, which is not relevant here.

therefore, Petitioner's third DUI, committed after enactment of the new statute, made him eligible for felony DUI and a longer sentence. (*See* Dkt. 13-1.)

## STANDARD OF LAW FOR MERITS DETERMINATION

Where the petitioner files a federal habeas corpus action to challenge a state court judgment, Title 28 U.S.C.§ 2254(d), as amended by the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), applies. Title 28 U.S.C.§ 2254(d) limits relief to instances where the state court's adjudication of the petitioner's claim:

1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

Though the source of clearly established federal law must come only from the holdings of the United States Supreme Court, circuit precedent may be persuasive authority for determining whether a state court decision is an unreasonable application of Supreme Court precedent. *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 1999). However, circuit law may not be used "to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] [Supreme] Court has not announced." *Marshall v. Rodgers*, 569 U.S. 58, 64 (2013).

To assess whether habeas corpus relief is warranted, the federal district court reviews "the last state-court adjudication on the merits." *Greene v. Fisher*, 565 U.S. 34, 41 (2011). The deferential standard of section 2254(d) applies regardless of whether the state court decision "is unaccompanied by an opinion explaining the reasons relief has been denied." *Harrington v. Richter*, 562 U.S. 86, 98 (2011). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id*. at 99. When the last adjudication on the merits provides a reasoned opinion, federal courts evaluate the opinion as the grounds for denial. 28 U.S.C. 2254(d).

However, where the state's highest court did not issue a reasoned decision, courts within the Ninth Circuit review the decision of the Idaho Court of Appeals, using the "look through" principle of *Ylst v. Nunnemaker*, 501 U.S. 797 (1991), and "presume the higher court agreed with and adopted the reasons given by the lower court." *Curiel v. Miller*, 830 F.3d 864 (9th Cir. 2016).[2]

The clearly-established law governing a claim of ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984). There, the United States

---

[2]    The United States Supreme Court recently clarified: "In *Ylst*, we said that where "the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits. 501 U.S., at 803, 111 S.Ct. 2590," but that the presumption can be refuted by "strong evidence." *Kernan v. Hinojosa*, 136 S. Ct. 1603, 1605–06 (2016).

Supreme Court determined that, to succeed on an ineffective assistance claim, a petitioner must show that (1) counsel's performance was deficient in that it fell below an objective standard of reasonableness, and that (2) the petitioner was prejudiced by the deficient performance. *Id*. at 684.

In assessing whether trial counsel's representation fell below an objective standard of competence under *Strickland*'s first prong, a reviewing court must view counsel's conduct at the time that the challenged act or omission occurred, making an effort to eliminate the distorting lens of hindsight. *Id*. at 689. The court must indulge in the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id*.

Prejudice under these circumstances means there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id*. at 684, 694. A reasonable probability is one sufficient to undermine confidence in the outcome. *Id*. at 694.

A petitioner must establish both incompetence and prejudice to prove an ineffective assistance of counsel case. 466 U.S. at 697. On habeas review, the court may consider either prong of the *Strickland* test first, or it may address both prongs, even if one is deficient and will compel denial. *Id.*

"[T]he negotiation of a plea bargain is a critical phase of litigation for purposes of the Sixth Amendment right to effective assistance of counsel." *Missouri v. Frye*, 566 U.S.

134 (2012) (citation omitted); *see Hill v. Lockhart*, 474 U.S. 52 (1985) (holding that the *Strickland v. Washington* test applies to guilty plea challenges based on ineffective assistance of counsel).

It is "clear that appointed counsel, and not his client, is in charge of the choice of trial tactics and the theory of defense." *United States v. Wadsworth*, 830 F.2d 1500, 1509 (9th Cir. 1987) (citing *Henry v. Mississippi*, 379 U.S. 443, 451 (1965)). An attorney is not ineffective for refusing to pursue a certain defense after making a reasonable strategic choice supported by an adequate investigation. *Hendricks v. Calderon*, 70 F.3d 1032, 1036 (9th Cir. 1995).

The foregoing standard, giving deference to counsel's decisionmaking, is the de novo standard of review. Another layer of deference—to the state court decision—is afforded under AEDPA. In giving guidance to district courts reviewing *Strickland* claims on habeas corpus review, the United States Supreme Court explained:

> The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard. Were that the inquiry, the analysis would be no different than if, for example, this Court were adjudicating a *Strickland* claim on direct review of a criminal conviction in a United States district court. Under AEDPA, though, it is a necessary premise that the two questions are different. For purposes of § 2254(d)(1), "an unreasonable application of federal law is different from an incorrect application of federal law." *Williams*, *supra*, at 410, 120 S.Ct. 1495. A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself.

*Richter*, 562 U.S. at 101.

**DISCUSSION**

### A.    *Claim 1(A)*

Claim 1(A) is that Petitioner's trial counsel was ineffective for failing to seek "specific performance," meaning a dismissal of the 2011 DUI charge or a reduction of that charge from a felony to a misdemeanor, for the state's alleged breach of the "contract" made in Petitioner's two prior misdemeanor DUI convictions.

Petitioner raised this claim to the Idaho Court of Appeals under two separate theories: (a) that after charging Petitioner's two previous DUIs as "first offense DUIs," the state breached a "contract" with him when it charged his 2011 DUI as a "third offense DUI," when it had not charged him with a "second offense DUI"; and (b) the notification forms Petitioner received with his two prior DUI convictions, which informed him that a third DUI within five years would be charged a felony, formed a binding contract with the State that was then breached when it charged his 2011 DUI as a felony under the amended version of I.C. § 18-8005 that changed the time period to three DUIs within ten years. (State's Lodgings C-5, C-7.) Neither theory was successful. (State's Lodging C-8.)

### i.   First Theory

The Idaho Court of Appeals rejected Petitioner's first theory as follows:

> [Hayes'] first theory is that the State entered a binding contract with him by charging his 2003 and 2004 DUIs as "first offense DUIs." He asserts the State breached this contract when it charged his 2011 DUI as a felony. Because the State never charged him with a "second offense DUI," he asserts the State could not charge his third DUI as a felony

under I.C. § 18-8005. This argument fails under the plain language of I.C. § 18–8005. Subsection six states:

> [A]ny person who pleads guilty to or is found guilty of a violation of the provisions of section 18–8004(1)(a), (b) or (c), Idaho Code, who previously has been found guilty of or has pled guilty to two (2) or more violations of the provisions of section 18–8004(1)(a), (b), or (c), Idaho Code ... within ten (10) years, notwithstanding the form of the judgment(s) or withheld judgment(s), shall be guilty of a felony....

I.C. § 18–8005(6).

Both of Hayes' 2003 and 2004 convictions were for violations of I.C. § 18–8004(1)(a), regardless of whether the State charged them as "first offense DUIs." These convictions were within ten years of his 2011 charge for violating I.C. § 18–8004(1)(a). Hayes never disputed that he violated I.C. § 18–8004(1)(a) for any of his charges. Thus, the plain language of I.C. § 18-8005(6) authorized the State to charge Hayes' 2011 DUI as a felony. Further, this Court and the Idaho Supreme Court have held that if a defendant is found guilty of three or more DUI offenses within the requisite time period under I.C. § 18–8005(6), the defendant has committed a felony. *State v. Craig*, 117 Idaho 983, 985, 793 P.2d 215, 217 (1990); *State v. Locke*, 149 Idaho 641, 643, 239 P.3d 34, 36 (Ct. App. 2010). This is true regardless of how the State characterizes prior DUI charges. Thus, a motion by Hayes' counsel asserting Hayes' first theory would have failed.

(State's Lodging C-8, pp. 4-5.)

This Court concludes that Petitioner's first theory is frivolous. Petitioner cannot point to any language in the statute that he must have been charged with a DUI offense particularly designated a "first offense," and then another DUI offense particularly

designated a "second offense." There are no such designations in I.C. § 18-8004. Rather, the statute plainly states that if a person is charged with "two (2) or more violations of the provisions of section 18–8004(1)(a), (b), or (c), Idaho Code ... within ten (10) years," then that person is eligible for the third offense to be elevated to a felony. Petitioner does not contend that he did not commit the prior DUIs, only that the second was mislabeled as a "first offense" again.[3]

Had Petitioner's trial counsel made this argument to the state district court, he would have lost credibility for himself as an attorney and for Petitioner's case. Attorneys are obligated by their code of ethics to refrain from bringing frivolous arguments. Though this argument may seem attractive to a layperson, it is unlikely that Petitioner could find any lawyer who would agree to raise it, because no such language is in the statute under which Petitioner was charged, and Petitioner can point to no terms in the plea agreement that particularly hinged on the charge being called a "first offense DUI."

Petitioner's sub-argument is that the Idaho public defenders' offices are underfunded, causing his public defender to refuse to make an effort to raise arguments such as this one. However, this sub-argument is not relevant, because Petitioner's counsel was not ineffective, regardless of how the public defenders were or were not funded.

---

[3] This was actually Petitioner's third offense, and so he certainly knew it was not his first. He had a first offense in 1999, outside both the five- and ten-year statutory periods, and then repeat offenses in 2003, 2004, and 2011. (State's Lodging B-2, pp. 30-31.) In all, Petitioner has had four DUIs, demonstrating that he is a great danger to the public.

Petitioner's trial counsel did not perform deficiently, nor was Petitioner's defense

prejudiced when his counsel refused to raise a frivolous argument on Petitioner's behalf.

The Idaho Court of Appeals' opinion is sound. This claim will be denied on the merits.

    ii.  <u>Second Theory</u>

The Idaho Court of Appeals rejected Petitioner's second theory, which is that the

notification forms he received with his first two DUI convictions constituted a binding

contract that the state breached. That court reasoned:

> Hayes' second theory is also without merit. This Court
> addressed a similar argument in *State v. Lamb*, 147 Idaho
> 133, 206 P.3d 497 (Ct. App. 2009). With his prior DUI
> convictions, the defendant in Lamb received notices that the
> State would charge a third DUI conviction in five years as a
> felony. *Id.* at 136, 206 P.3d at 500. The defendant argued
> those notices were part of his plea agreements, which the
> State breached by charging his third DUI as a felony under
> the amended version of I.C. § 18–8005(6) more than five
> years after his first DUI. *Id.* This Court rejected that
> argument, stating:
>
>> The 2006 amendment to I.C. § 18–8005 [(6)]
>> placed [the defendant] on notice that the DUI
>> enhancement law was no longer as had been
>> described to him upon his earlier convictions.
>> The notion that the trial courts' warnings given
>> in his prior DUI cases somehow became part of
>> [the defendant's] plea agreements is frivolous.
>> A trial court's advisement of the risk of future
>> penalties under a recidivist statute is a *warning*
>> designed to deter the defendant from
>> committing future offenses, not a *promise* that
>> puts restraints on future prosecutions. It
>> certainly does not constitute a promise that the

> law will, with respect to the defendant, never
> change.
>
> *Lamb*, 147 Idaho at 137, 206 P.3d at 501 [internal citations
> omitted in *Hayes* opinion, emphasis in original].
>
> The same reasoning applies to Hayes' second theory. The
> notification forms he received with his prior DUI convictions
> were not binding contracts, part of his plea agreements, or
> promises that the law, with respect to him, would not change.
> Rather, the forms were warnings meant to deter Hayes from
> reoffending. The 2006 amendment to I.C. § 18–8005(6) put
> Hayes on notice that the law had changed. Thus, Hayes'
> theory that the notification forms were binding upon the State
> is frivolous, and a motion by Hayes' counsel asserting that
> theory would have failed.

(State's Lodging C-8, pp. 5-6.)

Here, Petitioner asserts that the Court of Appeals misunderstood his argument. In

his pro se appellant's brief, he argued *not* that the plea agreement and the recidivist notice

constituted a binding contract *together*, but that *each* constituted a binding contract

*standing alone*. (State's Lodging C-5, p. 5.) That is, "Petitioner never argued that the

Recidivist Notice was part of any of his plea bargains, but did assert that when the statute

did change—it was not his fault, nor does Legislation (new) language cover him." (*Id.*, p.

13 (verbatim).)

Reviewing the argument both ways, the Court concludes that the better legal

argument is that the two items should be construed together, but that argument

nonetheless fails. Construing each document separately also nets a loss. Petitioner argues

that, "the 'Recidivist Notice' creates its own contractual duties due to its elements of a

contract, thus binding the contracts' performances (inherent obligations and duties) to the trueness and correctness of the statute at the time this document was presented and considered." (*Id.*, pp. 5-6 (verbatim).)

However, Petitioner has shown that none of the elements of a contract are present in the recidivist notice. The notice is clearly marked as a warning, and its function is to provide Petitioner with notice of then-existing statutory consequences of a subsequent DUI. It is not a promise or an "offer" to Petitioner, or anyone. There is no manner indicated by which Petitioner or anyone can "accept" the purported offer. Petitioner gave no "consideration" for the alleged terms of the recidivist notice "contract." Nothing in the notice indicates that its terms would continue to govern in the event the applicable statute was amended by the state legislature.

The Court concludes that this theory is frivolous. A warning that subsequent DUI convictions would bring harsher penalties under then-existing law is not the equivalent of a contract. It is an elementary principle of criminal law that no one need be particularly and personally aware of the existence of a law to be held criminally liable for breaking it; rather, adoption and publication of a law by the legislature is deemed notice to the public of the law's existence. *See*, *e.g.*, Joshua Dressler, *Understanding Criminal Law* § 13.01-.02, at 141 (1987) (explaining that the doctrine *that ignorance of the law excuses no one* is "deeply imbedded in Anglo-American criminal jurisprudence").

When the statute was amended, Petitioner was deemed to have notice—simply by its publication in the Idaho Code—that the terms in the prior notice he received had been replaced. As the Idaho Court of Appeals discussed in *State v. Lamb*, 206 P.3d 497 (Idaho Ct. App. 2009) and repeated in Petitioner's case, "[t]he 2006 amendment to I.C. § 18-8005[(6)] placed [the defendant] on notice that the DUI enhancement law was no longer has had been described to him upon his earlier convictions." (State's Lodging C-8, p. 5.)

As to the prior plea agreements—which are rightly construed as "contracts" with the State—at the time Petitioner committed a third DUI in 2011 and the two prior DUI convictions were used as the foundation of the felony charge, there was no term in the prior two plea agreements that was breached. The supervised probation terms of the 2003 and 2004 DUI plea agreements expired in 2005 and 2006, respectively, and the State did what it promised to do within that time frame. The terms of the plea agreements were over and done without any "breach" well before the 2011 DUI occurred.

The Court concludes that Petitioner's trial counsel was not deficient for refusing to raise an argument that had no chance of prevailing. Petitioner suffered no prejudice to his defense from counsel's refusal to raise a frivolous argument. This claim will be denied on the merits.

### iii. Petitioner's Additional Arguments

Petitioner takes issue with the language of Idaho Code § 18-8005(12) providing that "notwithstanding the form of judgment," the statutory terms still apply. Petitioner

argues: "In the above connection, the statutory language of 'notwithstanding the form of the judgment(s) or withheld judgments' does not fit within the historical jurisprudence used in the plea bargaining system where, as in this case, the statute has disturbed the res judicata doctrine." (Dkt. 3, p. 16.) Petitioner articulated this argument in his post-conviction appellate brief as follows:

> In connection to the legislature's incorporation of the notwithstanding form of judgment phrase into the statute— what was there intent? If the intent was to count a conviction despite "the form of judgment," then how does the statute truly affect the states ability to enter into a plea bargain with a defendant?

(State's Lodging C-5, p. 13 (verbatim).)

The statute at issue, Idaho Code § 18-8005(6), provides:

> Except as provided in section 18-8004C, Idaho Code, any person who pleads guilty to or is found guilty of a violation of the provisions of section 18-8004(1)(a), (b) or (c), Idaho Code, who previously has been found guilty of or has pled guilty to two (2) or more violations of the provisions of section 18-8004(1)(a), (b) or (c), Idaho Code, or any substantially conforming foreign criminal violation, or any combination thereof, within ten (10) years, *notwithstanding the form of the judgment(s) or withheld judgment(s)*, shall be guilty of a felony.

(*Id*. (emphasis added).)

The import of the statute is clear. It emphasizes that *commission* of a DUI—not the way the DUI charge eventually was disposed of—is the deciding factor for whether a prior DUI is counted as one of the two prior DUIs that transform a third DUI into a

felony. That is, DUIs committed but disposed of via withheld judgments, suspended judgments, orders of probation, or judgments of conviction count as priors. DUIs committed but disposed of by plea agreement or by conviction by jury trial count as priors.

Petitioner's two prior convictions counted because he "previously ha[d] been found guilty of or had[d] pled guilty to two (2) or more violations of the provisions of section 18-8004(1)(a), (b) or (c)." It did not matter that his prior judgments of conviction were borne of plea agreements. There is nothing suspect, illegal, or unconstitutional about the state legislature determining that it is the *fact* of driving under the influence over and over again that must be stopped—and *that* has nothing to do with the type of judgment entered in a case where a person was either convicted of or pleaded guilty to the fact of DUI. This statutory term does nothing to alter application of res judicata principles—which simply do not apply, as here, when a new crime is committed. The statute does not retroactively alter the past convictions or sentences. Petitioner's argument is incorrect and without merit.

## B.    *Claim 1(B)*

Claim 1(B) is that trial counsel was ineffective for failing to attempt to collaterally attack his two prior misdemeanor DUI convictions which served as the predicate offenses for the felony DUI. (Dkt. 3, pp.6-6(d).) This claim has its roots in the frivolous breach-of-contract theory above. Petitioner wanted his counsel to argue that the notices amounted to

promises the State made to Petitioner as part of the basis for his guilty plea, subjecting

the prior convictions to collateral attack.

The Court of Appeals rejected this claim as follows:

> As discussed above, the forms were not promises, contracts,
> or part of Hayes' plea agreements. Thus, the forms did not
> create any basis for Hayes to rely on in making his prior
> guilty pleas. Further, regardless of whether the forms were
> promises, the Idaho Supreme Court held in *State v. Weber*,
> 140 Idaho 89, 92, 90 P.3d 314, 317 (2004) that a defendant
> has no right to collaterally attack the validity of prior DUI
> convictions used to support a charge of felony DUI, unless
> the prior convictions were obtained in violation of the
> defendant's right to counsel. Because Hayes' prior DUI
> convictions were not obtained in violation of his right to
> counsel, he cannot collaterally attack their validity in this
> proceeding. Thus, the district court would not have granted a
> motion collaterally attacking the validity of Hayes' prior DUI
> convictions, and his claim that counsel should have moved
> for dismissal of his prior DUI convictions fails both prongs of
> the *Strickland* test.

(State's Lodging C-8, p.6 (footnote omitted).)

Petitioner urges that all of the lawyers and judges who have addressed his theory

have circumvented the fact that each conviction was by plea agreement and have ignored

his request to seek "specific performance of those deals and contracts." (State's Lodging

C-8, p. 8.) Petitioner argues that the State has "withdrawn" or breached the plea

agreement. However, Petitioner can point to nothing in the plea agreement that shows he

was guaranteed the privilege of not being charged with a DUI felony in the future, that he

was guaranteed that he could recommit a DUI after five years had passed and be free

from the possibility of a felony DUI, or that the law would never be changed to increase punishment if a new DUI were committed in the face of two (here, three) prior DUIs. There were no factual or legal grounds available to counsel to collaterally challenge the prior convictions.

If this point has been ignored, it is because it is frivolous. Counsel was not deficient for refusing to raise an argument that had no chance of prevailing.

### C. *Claim 3*

Claim 3 is that Petitioner's trial counsel acted ineffectively by coercing him to plead guilty. (Dkt. 3, pp. 8-8(d).) Petitioner asserts: "Defense Counsel threatened Hayes with an 'up to life sentence' if he did not plead guilty to the felony DUI, even though Hayes believed he was guilty of a misdemeanor second offense; this is based upon the previously deals and contracts Hayes entered into with the state." (Dkt. 3, p. 19.) The state district court found:

> There is no persuasive evidence that the petitioner's plea was in any way coerced. While he was unhappy that he faced the potential longer sentence resulting from the possibility of a persistent violator enhancement, his unhappiness does not amount to coercion…. His attorney gave him correct legal advice when he told the petitioner that he did not have a legal defense to the DUI. The petitioner testified that he did not have a factual defense to the DUI. The petitioner failed to prove that his plea was in any fashion coerced or that he received anything other than correct legal advice.

(State's Lodging B-1, p.121 & C-8, p. 3.)

Petitioner makes the same argument here, but did not and does not suggest any legal or factual basis for his assertion that his lawyer should have advised him differently. There is nothing amounting to coercion evident in the record. The Idaho Court of Appeals correctly observed: "the United States Supreme Court has long held a plea is not coerced because it is motivated by the defendant's desire to accept the certainty of a 'lesser penalty rather than face a wider range of possibilities extending from acquittal to conviction and a high penalty authorized by law for the crime charged.'" (State's Lodging C-8, p. 4, quoting *Brady v. United States*, 397 U.S. 742, 751 (1970).)

The United States Supreme Court has held that the validity of a guilty plea turns on "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). In *Hill v. Lockhart*, 474 U.S. 52, 59 (1985), the Court held that a plea is not knowing and voluntary if it was the result of defense counsel's advice amounting to ineffective assistance of counsel. At his plea hearing, Hayes stated that his guilty plea was freely and voluntarily given.

The record reflects that trial counsel listened to Petitioner's theories and advised him that they would not warrant dismissal. Counsel informed Petitioner that, under the plea agreement he would receive a maximum ten-year sentence, but if he proceeded to trial, he faced a possible life sentence with the felony DUI and a persistent violator enhancement. (State's Lodging C-8, p. 2.) Petitioner perhaps does not realize that even

his first of his four DUI charges could have been considered by the sentencing court in fashioning a sentence to protect society from Petitioner's repetitive dangerous behavior. Petitioner's counsel, the Idaho Court of Appeals, the Idaho Supreme Court, and this Court agree that Petitioner's arguments are frivolous and that his counsel performed effectively in helping Petitioner avoid a harsher sentence. This claim is without merit.

Having addressed all of Petitioner's claims, the Court concludes that relief is not warranted, and the Petition for Writ of Habeas Corpus will be denied and dismissed with prejudice.

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Extension of Time to File Answer (Dkt. 23) is GRANTED. The Answer is considered timely.

2. The Petition for Writ of Habeas Corpus (Dkt. 3) is DENIED and DISMISSED with prejudice.

3. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner files a timely notice of appeal, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the United States Court of

Appeals for the Ninth Circuit. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: September 24, 2018

B. Lynn Winmill
Chief U.S. District Court Judge